AO 91 (Rev. 11/11)  Criminal Complaint

United States Courts
Southern District of Texas
FILED

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

*January 23, 2025*

Nathan Ochsner, Clerk of Court

|  |  |
|---|---|
| United States of America<br>v.<br>Adrian Villa-Morales<br><br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  **4:25-mj-0020**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 29, 2024_____ in the county of _____Harris_____ in the
___Southern___ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) (1) | a native and citizen of Mexico and an alien who had been previously deported from the United States, after having been convicted of a crime defined as a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Brock Gregorczyk, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date:    ___01/23/2025___

_____
*Judge's signature*

City and state:    _____Houston, Texas_____

Peter Bray,  United States Magistrate Judge
*Printed name and title*

**4:25-mj-0020**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brock Gregorczyk, being duly sworn by telephone, hereby depose and say:

(1)    I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 2016. Prior to this assignment, I have held the following positions: Immigration Enforcement Agent and United States Border Patrol Agent. My law enforcement career began on February 3, 2003, as a United States Border Patrol Agent. I have over 20 years of immigration law enforcement experience.

(2)    On January 23, 2025, Adrian Villa-Morales released into ICE custody. The Defendant is also known as or has used the alias of Adrian Villa Morales, Adrian Villa, Adrian Villa-Morales, Adrian Villamorales.

(3)    The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)    Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)    <u>Element One</u>: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)    <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasion(s):

    a.  February 14, 2020
    b.  July 22, 2022

(7)    <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on April 29, 2024, in Houston, Texas which is within the Southern District of Texas. Specifically, within the Houston or Galveston Division of the Southern District of Texas. Additionally, ICE's Law Enforcement Support Center ("LESC") has been consulted to determine whether, in the past five years and after the Defendant's last deportation, the Defendant has been encountered by law enforcement prior to the date specified earlier in this paragraph. On January 21, 2025, I reviewed the response from LESC and confirmed that LESC had no record of such an encounter.

(8)    <u>Element Four</u>:  The Defendant did not have permission to reenter the United States.  On January 21, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)    <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

    a.   On September 24, 2024, the Defendant, using the name Adrian Villa Morales, was convicted in the 208th District Court, Harris County, Texas for the offense of evading arrest/detention with vehicle, a felony. For this offense, the Defendant was sentenced to two (2) years in Texas Department of Criminal Justice.

    b.   On August 12, 2019, the Defendant, using the name Adrian Villa-Morales, was convicted in the 176th District Court, Harris County, Texas for the offense of evading arrest/detention with vehicle, a felony. For this offense, the Defendant was sentenced to two (2) years in Texas Department of Criminal Justice.

(10)   On January 23, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint.  On or about that day, Assistant U.S. Attorney Rebekah Saunders (713-567-9555) accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a).

Brock Gregorczyk, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me on this 23rd day of January 2025, and I find probable cause.

Hon. Peter Bray
United States Magistrate Judge
Southern District of Texas